SOUTHWICK, P.J.,
for the Court:
¶ 1. The State Licensing Board suspended an appraiser’s license after he failed to comply with the Board’s demand for a copy of one of his appraisal reports. On appeal the claimant alleges that the Board had no explicit statutory authority to suspend his license on these grounds, and regardless of any general authority, that the request for the report was unreasonable and unlawful. Finding no merit to the assignments of error, we affirm.
FACTS
¶ 2. The Mississippi Real Estate Appraiser Licensing and Certification Board received an anonymous tip that an appraisal that James Pope had prepared in 1995 did not comply with uniform standards. Solely as a result of the tip, an agent for the Board, William Moon, went to Pope’s office in June 1996 and requested a copy of the report. Pope provided only a copy of the appraisal summary and told Moon that he could not locate the full report at that time. Pope was apparently then in bad health and claimed that as the reason that he could not find the report. Moon left after informing Pope that he would be allowed time to locate the document.
¶ 3. Later that evening Mary Pope, the appraiser’s wife, contacted Moon to say that they would not be turning over the appraisal report because the Board had no authority to demand it. She also insisted that the Board make no further contact concerning the appraisal report.
¶ 4. About thirteen months later the Board issued a complaint charging Mr. Pope with two statutory violations. Count I of the complaint alleged that Pope had violated Mississippi Code Section 73-34-35 — 1(2) by exhibiting bad faith, untrust-worthiness and dishonesty, in refusing to turn over the appraisal report. Count II alleged a violation of Section 73-34-39(3), which requires an appraiser to make certain records available to the Board for inspection and copying.
¶ 5. On February 25, 1999, the Board conducted an evidentiary hearing. The Board found insufficient evidence of bad faith and dismissed Count I of the complaint. However, the Board found that Count II was proven because Pope had refused to provide a statutorily required record. The Board suspended Pope’s license for six months, with four months waived, which would be followed by a one year probationary period. During his probation, Pope was ordered to keep a log of all appraisals made during the probationary period and was advised that all appraisals would be subject to random review by the Board.
¶ 6. Pope appealed to the Monroe County Circuit Court, which affirmed. This appeal followed.
DISCUSSION

I. Statutory Authority of the Board

¶ 7. Our first issue is whether the Real Estate Appraiser Licensing and Certification Board has statutory authority to suspend a real estate appraiser’s license for failure to turn over an appraisal report. Pope states that the Board has clearly enumerated and therefore limited authority to suspend a license. Miss.Code Ann § 73-34-35 (Rev.2000). Failure to turn *440 over a copy of an appraisal is not explicitly listed in the statute as grounds for suspension. The second part of the argument is that the statute requiring that certain records be made available for inspection and copying by the Board, does not provide for a license suspension if it is violated. Miss. Code Ann § 73-34-39(Z) (Rev.2000). Pope makes a straightforward statutory argument that absent an explicit statement that this violation may cause suspension, there is no authority to order it.
¶ 8. Administrative agencies may exercise only those powers directly granted them by statute or fairly implied in the grant. Wright v. White, 693 So.2d 898, 901 (Miss.1997). The applicable statute permits suspension of an appraiser’s license for any “violation of the provisions of this chapter and of rules and regulations established by the board.” Miss.Code Ann. § 73-34-35(i) (Rev.2000). Among the requirements of the act is to “make all records required to be maintained under the provisions of this chapter available for inspection and copying.” Miss.Code Ann. § 73-34-39(3) (Rev.2000). The final statutory piece is that a licensed appraiser must keep for five years all appraisal reports that he prepares. Miss.Code Ann. § 73-34-39(1) (Rev.2000). When Pope refused to give the relevant appraisal report to investigator Moon, he became subject to suspension.

II. Constitutional Challenge

¶ 9. Pope in his first-level appeal to circuit court argued that the board’s request for the appraisal report was in violation of the constitutional prohibition against unreasonable searches and seizures. U.S. Const. amend. IV; Miss. Const. art 3, § 23. In his appeal to this court, Pope throttles back the argument and states that the Board’s demand was unreasonable. For purposes of this appeal he has conceded that the statutorily-authorized demand was neither a search nor a seizure. His focus is upon the fact that the request was made because of an anonymous tip.
¶ 10. As already analyzed under the relevant statutes, the Board has authority to request the appraisal report. Pope received such a request. He had no privacy interest regarding the appraisal report visa-vis the Board because the statute under which he was licensed required him to produce them in this circumstance. That an anonymous tip was involved, even assuming as does Pope that a competitor was the tipster, does not change the privacy interest nor the authority of the Board to make the demand. We find no error.
¶11. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, and MYERS, JJ., concur.
CHANDLER, J., not participating.